# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 07-         (Under Seal) |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| **DEREK T. HAWTHORNE,** | : | **21 U.S.C. § 846** |
| Defendant. | : | **(Conspiracy to Distribute and Possess With** |
| | : | **Intent to Distribute 500 Grams or More of** |
| | : | **Methamphetamine)** |
| | : | |
| | : | **18 U.S.C. § 1957** |
| | : | **(Engaging in Monetary Transactions in** |
| | : | **Property Derived from Specified Unlawful** |
| | : | **Activity)** |
| | : | |
| | : | **18 U.S.C. § 982(a)(1)** |
| | : | **Fed. R. Crim. P. 32.2** |
| | : | **(Criminal Forfeiture Allegation)** |
| | : | |

## INFORMATION

The United States Attorney informs the Court that:

### COUNT ONE

From or about December 2004 up to and including at least July 2007, within the District of Columbia and elsewhere, defendant **DEREK T. HAWTHORNE** did knowingly and willfully combine, conspire, confederate, and agree together with Henry D. Corona, also known as "Norr," Daniel H. Alford, and with other persons to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of Methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and the said mixture and substance was 500 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

**(Conspiracy to Distribute and Possess With Intent to Distribute 500 Grams or More of Methamphetamine, in violation of Title 21, United States Code, Section 846)**

## COUNT TWO

On or about March 24, 2006, in the District of Columbia, defendant **DEREK T. HAWTHORNE** did knowingly engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, a withdrawal in the amount of $95,000, such property having been derived from a specified unlawful activity, that is, narcotics trafficking.

**(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957)**

## FORFEITURE ALLEGATION

A. The violation alleged in Count One of this Criminal Information is re-alleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

B. As a result of the offense alleged in Count One, the defendant in this Criminal Information shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to:

    (1) Money Judgment:

        (a) a sum of money equal to $1,110,570.86, which is an amount of money representing the amount of proceeds obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A(viii), for which the defendant is jointly and severally liable with

other co-conspirators;

(2)  Real Property:

(a) the real property described as the property and improvements located at the address of 943 S Street, N.W., Washington, D.C., whose down payment, purchase loan, and mortgage payments, and improvements, was made with property constituting, or derived from, proceeds that defendant **DEREK T. HAWTHORNE** obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); and, which property was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii);

(3)  Vessels and Automobiles:

(a) a 2001 Sea Ray motor yacht-type vessel, bearing hull identification number SERF8267G001, official number 1102931, and vessel name "OAR-GAZMIK";

(b) a 2005 Rinker 250 Fiesta Vee Express Cruiser, serial number 16814F405, vessel identification number RNK76814F405;

(c) Load-Rite trailer, serial number 5A4BCWW2842000589;

(d) a 2005 Yamaha personal water craft (jet ski), identification number YAMA2831K405;

    (e) a 2005 Yamaha personal water craft (jet ski), identification number YAMA3699K405; and

    (f) a 1998 Cadillac Escalade automobile, vehicle identification number 1GYEK63N42R108902;

whose purchase and maintenance was paid for with money that was property constituting, or derived from, proceeds that defendant **DEREK T. HAWTHORNE** obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); and, which property was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii);

(4)    <u>All Funds on Deposit in and Seized from the Following Accounts Pursuant to Seizure Warrants issued on July 10, 2007:</u>

    (a) Citigroup Smith Barney, account number 56J-70896-10;

    (b) Bank of America, N.A., account number 004112074991;

    (c) Bank of America, N.A., account number 0041-1389-3472;

    (d) Alliant Credit Union, account number 0018918701-40;

    (e) Alliant Credit Union, account number 0018918701-01;

    (f) Commerce Bank, N.A., account number 3990013777;

    (g) Commerce Bank, N.A., account number 4990009385; and

    (h) Commerce Bank, N.A., account number 4990008593;

all of which funds were property constituting, or derived from, proceeds that defendant **DEREK T. HAWTHORNE** obtained as a result of the offense, conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii).

  C. By virtue of the commission of the felony offense charged in Count One of this Criminal Information, any and all interest that the defendant has in the property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the charged conspiracy or used, or intended to be used, to facilitate the charged conspiracy, is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

  D. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant or his co-conspirators:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above

as being subject to forfeiture.

**(Criminal Forfeiture pursuant to Title 18, United States Code, Section 853)**

By: _____
JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia
D.C. Bar No. 498610

_____
S. ELISA POTEAT
D.C. Bar No. 420604
GREGORY G. MARSHALL
N.Y. Bar
Assistant United States Attorneys