

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 19, 2007

James Rudasill, Jr., Esq.
Attorney for Derek T. Hawthorne
717 D Street, N.W., Suite 500
Washington, D.C. 20004

**FILED**

**AUG 0 3 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Re:    United States v. Derek T. Hawthorne
           Criminal Case No. 07-    **(under seal)**

07-187

Dear Mr. Rudasill:

       This letter confirms the agreement between your client, Derek T. Hawthorne, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the United States," "the Government," or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Derek T. Hawthorne's Obligations, Acknowledgments, and Waivers:

       1.    Your client, Derek T. Hawthorne, agrees to admit guilt and enter a plea of guilty to a two-count information, a copy of which is attached hereto, which describes violations of 21 U.S.C. § 846 and 18 U.S.C. § 1957. Your client understands that pursuant to 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (in an amount of 50 grams or more of methamphetamine, or more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine) is a charge that carries a penalty of ten years to life imprisonment, a fine of up to $4,000,000, and five years of supervised release. Your client also understands that pursuant to 18 U.S.C. § 1957, Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity is a charge that carries a penalty of up to ten years of imprisonment, a fine of not more that $250,000 or of not more than twice the amount of the criminally derived property involved in the transaction, and up to three years of supervised release.

1

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. § 3553(a) and (c) through (e), upon consideration of the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's sentencing guideline range. Your client further understands that pursuant to 18 U.S.C. § 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal Government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2.     Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for drug amounts as follows: more than 1.5 kilograms of methamphetamine (actual) and/or "Ice," which quantity represents the total amount involved in your client's relevant conduct, including amounts your client distributed or possessed with intent to distribute, and amounts distributed or possessed with intent to distribute by co-conspirators of your client and within the scope of your client's conspiratorial agreement.

3.     Under the terms of this plea agreement, your client agrees to forfeiture of all his interest in: (1) any and all personal or real property constituting, or derived from, any proceeds that Mr. Hawthorne obtained from the Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, to which he is pleading guilty; and (2) any and all personal or real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the § 846 conspiracy to which Mr. Hawthorne is pleading guilty. Mr. Hawthorne agrees that this forfeiture is authorized pursuant to one or more of the following laws: 21 U.S.C. §§ 853 and 881. Your client agrees that the enumeration in this plea agreement of a specific amount of money to be forfeited or of specific assets that are subject to forfeiture does not preclude or estop the Government from seeking to forfeit other of Mr. Hawthorne's assets that are subject to forfeiture for any reason.

4.     Further, your client agrees to forfeit all interest in any asset that he currently owns, has previously owned, or over which he currently or in the past has exercised direct or indirect control, which asset constitutes the proceeds of the conspiracy to which Mr. Hawthorne is pleading guilty under the terms of this agreement. Similarly, Mr. Hawthorne agrees to forfeit all interest in any asset that is traceable to, derived from, or fungible with any and all property constituting the proceeds of the conspiracy to which Mr. Hawthorne is pleading guilty under the terms of this agreement. This includes any asset that Mr. Hawthorne has transferred. Mr. Hawthorne makes this agreement on his own behalf, and for any person or entity on whose behalf he could assert a legal interest.

5.     To effect the forfeiture provisions of this plea agreement by criminal forfeiture laws,

Mr. Hawthorne agrees to consent to the entry of orders of forfeiture and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Mr. Hawthorne acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

6.   To carry out in part his agreement for this forfeiture, your client agrees to forfeit to the United States a total of $1,110,570.86. Your client agrees that this amount is property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the conspiracy to which your client is pleading guilty under the terms of this agreement. Your client agrees to the entry of a Consent Order of Forfeiture in the form of a money judgment in the amount of $1,110,570.86, as well as for the forfeiture of any property, including a yacht and the funds on deposit in eight accounts, which funds were seized by the Government, if the Government chooses to proceed with forfeiture of that property in this manner. Your client agrees the Court should enter at the time of his guilty plea (or before sentencing) a preliminary order of forfeiture of such property.

7.   In addition to the entry of this money judgment, and as a further part of this agreement, your client also agrees to the forfeiture of the following assets:

(a)   All his interest, right, or title in the real property and improvements at the address of 943 S Street, N.W., Washington, D.C. (including any improvements made to that property since the date of purchase, even if those improvements are able to be removed).

(b)   All funds on deposit in the following accounts at the time the seizure warrants were executed on these accounts on or after July 10, 2007:

Citigroup Smith Barney, account number 56J-70896-10;
Bank of America, N.A., account number 004112074991;
Bank of America, N.A., account number 0041-1389-3472;
Alliant Credit Union, account number 0018918701-40;
Alliant Credit Union, account number 0018918701-01;
Commerce Bank, N.A., account number 3990013777;
Commerce Bank, N.A., account number 4990009385; and
Commerce Bank, N.A., account number 4990008593.

(c)   All interest, right, and title in

i.   A 2001 Sea Ray motor yacht, bearing hull identification number SERF8267G001, official number 1102931, and vessel name "OAR-GAZMIK";
ii.   A 2005 Rinker 250 Fiesta Vee Express Cruiser, serial number 16814F405, vessel identification number RNK76814F405;

      iii.    A Load-Rite trailer, serial number 5A4BCWW2842000589;
      iv.    A 2005 Yamaha personal water craft (jet ski), identification number YAMA2831K405;
      v.    A 2005 Yamaha personal water craft (jet ski), identification number YAMA3699K405; and
      vi.    a 1998 Cadillac Escalade automobile, vehicle identification number 1GYEK63N42R108902.

8.     If this Office determines that it wishes to effect forfeiture of any interest or property described in this agreement by a process or procedures that are not part of this criminal case, Mr. Hawthorne agrees to waive all interest in any such property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Mr. Hawthorne agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of any and all interest or property whose forfeiture is covered under the terms of this agreement.

9.     Mr. Hawthorne further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Mr. Hawthorne agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or property to the United States, and to testify truthfully in any judicial forfeiture proceeding.

10.     Mr. Hawthorne agrees, prior to or at the time of the sentencing, to provide a full and complete accounting of all assets, real or tangible, held by him, or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

11.     Further, Mr. Hawthorne acknowledges and agrees that the Government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of his assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

12.     The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this paragraph. The Government will seek to increase your client's base offense level by four points pursuant to Federal Sentencing Guideline 3B1.1 (a) in that he was an organizer and leader of criminal activity that involved five or more participants and was otherwise extensive. The Government agrees that it will not seek any additional upward departures from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer, or Court), the Government is free under this agreement to seek an increase in the base offense level or an upward

departure based on that post-agreement conduct.

13.     Your client understands and agrees that the Government will ask that your client be detained pending sentencing, and your client agrees not to oppose the Government's request for detention pending sentencing. However, if at some point in the future the Government requests his release it will be for the limited purpose of aiding law enforcement with operational activities. Your client further agrees that the termination of your client's involvement in any investigation is a matter committed to the sole discretion of the Government and that this decision is not judicially reviewable. Your client understands and agrees that the United States does not waive its position as to your client's dangerousness or flight risk should the Government afford your client the opportunity to be released for a limited time period solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. Your client also agrees that any violation of your client's release conditions, should he be released at some future date, any misconduct by your client, or any inability or failure on the part of your client to continue your client's cooperation with the Government shall result in the Government filing an <u>ex parte</u> motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentence in this case.

14.     Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a) Your client shall cooperate fully, truthfully, completely and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking Government administered polygraph examinations; and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely and forthrightly as directed by this Office and other federal, state, and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including, but not limited to, its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his obligations under this agreement.

(b) Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

(c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d) Your client shall testify fully, completely, and truthfully before any and all Grand Juries in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(e) Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including, but not limited to, its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of his obligations under this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

15. Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without a Government motion, based on any assistance provided in the investigations or prosecutions of any another persons who have committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.

16. Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

17. (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the

right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

18. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a) and (c) through (e), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines.

19. Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

20. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

21. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this

plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

22.     Your client further agrees to waive all rights, claims, or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conferences, or court proceedings during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

23.     Although the Government does not believe that this particular paragraph is applicable, your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language.

24.     Your client understands and agrees that if your client should fail to specifically perform and to fulfill fully and completely each and every one of your client's obligations under this plea agreement, then: (a) the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e); (b) your client will not be allowed to withdraw your client's guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; (d) no motion for downward departure will be filed or sought and your client will be sentenced upon consideration of the applicable Sentencing Guidelines range; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

The Government's Obligations, Acknowledgments, and Waivers:

25.     This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

26.     This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.

27.     If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

28.     Your client understands and acknowledges, however, that even if the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia determines that your client provided substantial assistance in the investigation(s) or prosecution(s) of another person(s) for purposes of Section 5K1.1 of the Sentencing Guidelines, this Office reserves its right to decline to file a departure motion pursuant to 18 U.S.C. § 3553(e). In the absence of a motion under 18 U.S.C. § 3553(e), the Court will be required to sentence your client to at least the mandatory minimum period of incarceration, if any, which applies to the offense or offenses of conviction even if the Court decides to depart below the applicable guideline range. In the event this Office, in its sole discretion, decides to file a departure motion pursuant to both Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute.

29.     The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

30.     The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold or otherwise mislead the Court, the Probation Office, or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your

client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

31. After the entry of your client's plea of guilty to the offense(s) identified in paragraph number one above, your client will not be charged with any non-violent criminal offense in violation of federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

32. The United States agrees, subject to the reservations in the remainder of this paragraph, that so long as your client does not move to withdraw your client's plea of guilty and is in full compliance with each and every provision of this agreement, the United States will not use against your client, directly or indirectly, in any criminal or in any civil proceeding, any of the information or materials provided to the United States by your client during the course of your client's cooperation pursuant to this agreement or during the course of any debriefing conducted in anticipation of this agreement. However, the United States expressly reserves its right to use self-incriminating information provided by your client at the sentencing in this case, if such use has otherwise been reserved in this agreement. Moreover, the United States also expressly reserves its right to use against your client in any criminal or civil proceeding, directly or indirectly, any information and materials provided by your client, during the course of your client's cooperation, concerning crimes of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501.

33. The United States agrees that if requested by your client, and if appropriate in the sole discretion of this Office in order to provide for the protection and security of your client, the United States Attorney's Office for the District of Columbia will sponsor your client for acceptance into the Witness Security Program of the United States Department of Justice. It is understood, however, that the decision to accept your client into the Witness Security Program is at the sole discretion of the United States Department of Justice and not this Office. It is further understood that once accepted into the Program, the continued participation of the your client will be governed exclusively by the standard rules and regulations which have been promulgated by the United States Department of Justice to administer the Program.

General Conditions:

34. It is further agreed that the United States and your client shall request the Court to place under seal this plea agreement and other relevant proceedings and documents entered into the record in this matter. Both parties agree that this is necessary in order to protect the personal safety of your client and the law enforcement agents/officers working with your client. Both parties further agree that if the record is sealed in this matter, it shall remain under seal, subject to Court approval, until your client is sentenced or such other time as the Court might direct in response to a motion made by the United States.

35. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

36. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions, except as indicated in this paragraph.

37. There are no other agreements, promises, understandings, or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely,

Jeffrey A. Taylor
United States Attorney

_____
S. Elisa Poteat
Gregory G. Marshall
Assistant United States Attorneys

Defendant's Acceptance

I have read this plea agreement and have discussed it with my attorney, James Rudasill, Jr., Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Aug 3-07
Date

_____
Derek T. Hawthorne, Defendant


Attorney's Acknowledgment

I have read each of the pages constituting this plea agreement, have reviewed them with my client, and have fully discussed the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement.

Aug 3, 2007
Date

_____
James Rudasill, Jr., Esquire
Attorney for the Defendant

12