UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES          :

    v.                :     07-CR-187-001 (TFH)
                            (UNDER SEAL)

DEREK HAWTHORNE        :

## DEFENDANT'S SENTENCING MEMORANDUM

Mr. Hawthorne is before the Court having pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, and to engaging in monetary transactions in property derived from that activity. He will appear before the Court for sentencing on September 3, 2008.

I.    THE COURT SHOULD NOT APPLY THE 4 LEVEL "AGGRAVATING ROLE" ENHANCEMENT UNDER §3B1.1(a)

In determining an appropriate sentence, the Court will have to resolve the issue whether Mr. Hawthorne's conduct warrants a four level increase pursuant to §3B1.1(a), for an "aggravating role" in the offense. Mr. Hawthorne's presentence report assesses the four level increase, and thereby calculates his guidelines range at 235-293 months. The presentence report acknowledged that Mr. Hawthorne objected to this four point assessment, and summarized Mr. Hawthorne's challenge to the four level increase as follows: "Defense counsel dispute [sic] the four point increase for 'aggravated role' and state [sic] that the defendant was not 'an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.'"

In fact, Mr. Hawthorne submitted a substantial memorandum to the presentence report writer including case law and analysis concerning the four level increase. The substance of that memorandum is included below for the Court's benefit in resolving this issue.

The four level increase for "aggravating role" under §3B1.1(a) applies only to "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir 2003).

Because Mr. Hawthorne was not an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, the four level increase should not be assessed to increase his potential sentence.

There are seven factors relevant to determining whether a defendant engaged in a "leadership and organizational role:"

(1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

§3B1.1(a) appln note 4; *United States v. Quigley,* 373 F.3d 133, 138 (D.C. Cir 2004); *United States v. Graham,* 162 F.3d 1180, 1185 (D.C. Cir 2998); *United States v. Sayles,* 269 F.3d 219, 224 (4th Cir. 2002) *United States v. Fuller,* 897 F.2d 1217, 1221 (1st Cir. 1990).

Mr. Hawthorne sold drugs to other participants in the conspiracy, but that conduct does not suffice to justify and aggravating role adjustment. *United States v. Sayles,* 296 F.3d at 225 ("being a buyer and seller of illegal drugs, even in a league with five or more other persons, does not establish that a defendant has functioned as an 'organizer, leader, manager, or supervisor' of criminal activity"); *United States v. Anderson,* 189 F.3d 1201, 1212 (10th Cir. 1999); *United States v. Medina,* 167 F.3d 77, 80-81 (1 Cir. 1999); *United States v. Vargas,* 16 F.3d 155, 160 (7th Cir 1994); *Cf. United States v. Bartley,* 230 F.3d 667, 673-74 (4th Cir. 2000); *United States v. Fuller, supra,* 897 F.2d at 1221 (defendant who "engaged in a series of private drug distributions, in which he essentially did all the work himself," is not "an organizer, leader, manager, or supervisor" as would justify an aggravated role adjustment).

Mr. Hawthorne did not sell the methamphetamine to others with the understanding that it would be resold. Any incidental re-sale by his purchasers was inconsequential; beyond Mr. Hawthorne's control, and did not benefit Mr. Hawthorne in any way. Section 3B1.1(a) authorizes an four level increase only in situations where the defendant is a leader or organizer of individuals who participate *together* in committing one or more criminal acts. *United States v. Belletiere,* 971 F.2d 961, 969 (3rd Cir.

1992) (evidence that defendant "was merely a drug dealer who sold cocaine in separate transactions to several individuals, who in turn used or resold the drugs to others without Belletiere's control or interference," held "insufficient to support a section 3B1.1(a) adjustment for "leading" or "organizing" five or more participants in a criminal activity"); *Graham, supra,* 162 F.3d at 1185 ("all persons receiving an enhancement under 3B1.1(a) must esercise some control over others"); *United States v. Mares-Molina* 913 F.2d 770, 773 (9th Cir. 1990)(defendant must have exercised some control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime").

Mr. Hawthore simply sold meth to Alford, Kharman, and Trone. He exerted no control over these people who purchased meth from him, and in no way directed their activities after selling them meth. The quantities of meth Mr. Hawthorne sold were consistent with personal use and possible re-distribution at parties, rather than resale. Even if it could be established that Mr. Hawthorne exercised control over one person, that would be insufficient to justify application of the section 3B1.1(a) enhancement. *See, e.g., United States v. Barnes,* 993 F.2d 680, 685 (9th Cir. 1993)("merely exercising authority over one participant" insufficient to support an enhancement under §3B1.1(a) or (b) where there is "no other indication of leadership").

The record does not support a four point increase for aggravating role pursuant to section 3B1.1(a). Mr. Hawthorne did not act as the "leader and organizer" of a conspiracy. He made no decision or directions for resale of his product, and hand no employees. He never benefitted from any incedental re-sale of the methamphetamine he sold, and asserted no control over anyone in managing his individual drug dealing enterprise.

II. LETTERS OF SUPPORT

Attached for the Court's review are letters written by family and friends of Mr. Hawthorne for the Court's use in determining an appropriate sentence.

Respectfully submitted,

/s/
_____
Nikki Lotze
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
(301) 699-0764

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Sentencing Memorandum, has been delivered via facsimile and by mail, this _____ day of _____, 2008, to: AUSA Elisa Poteat; Office of the States Attorney; 555 Fourth Street, NW; Washington, D.C. 20530

_____/s/_____
Nikki Lotze